STATE OF MAINE                                    SUPERIOR COURT
SAGADAHOC, SS.                                    Civil Action
                                                  Docket No. AP-2019-04


BRIAN SCHAROLD,                  )
        Plaintiff/Appellee,      )
                                 )
                                 )
        v.                       )                **ORDER ON APPEAL**
                                 )
                                 )
                                 )
PROPERTY MASTERS, INC.           )
        Defendant/Appellant.     )


The Defendant appeals from a decision of the District Court (Field, J.) entering judgment for the Plaintiff on his Statement of Claim made after an evidentiary hearing on June 12, 2019.

When the Superior Court considers appeals from District Court, the court must apply the same standards of review that are applied on appeals to the Law Court: findings of fact are reviewed for clear error; discretionary issues are reviewed for abuse of discretion; and questions of law are reviewed *de novo*.

The Statement of Claim in this action alleges "[p]remature failure of driveway sealcoating done in Sept[ember] 2017." The evidentiary hearing held in this matter established that the Plaintiff entered into an oral contract for services with the Defendant for the Defendant to sealcoat his driveway for $500.00. After hearing testimony from both parties, the District Court entered judgment for the Plaintiff and awarded him damages in the amount of $1680.00, plus costs of $70.00. Though no written findings were made, it is apparent from the judgment that the District Court found credible the Plaintiff's testimony concerning the failure and the estimate of $1680.00 to remove the failed sealant and to apply new sealant.

The Appellant argues that the District Court could not properly award breach of contract damages of $1680.00 when the contract at issue was only for $500.00 and that the court created a warranty when none existed. Both arguments are without merit.

The purpose of an award of compensatory damages for a breach of contract is to place the plaintiff in the same position that he or she would have enjoyed had there been no breach. An injured party is entitled to recover for all losses actually suffered as a result of the breach. Lee v. Scotia Prince Cruises, Ltd. 2003 ME 78, ¶21-22, 828 A.2d 210, 216 (internal citations and punctuation omitted).

In this case, the evidence presented would support a finding that the Plaintiff was entitled to damages in the amount of $1680.00 because this is the amount necessary to place him in the same position as he would have been without a breach – with a properly

1

sealcoated driveway. It is immaterial that the Plaintiff has yet to have the driveway repaired[1].

The Appellant is effectively arguing that compensatory damages in breach of contract actions should be limited to the amount of the contract. There is no authority for this proposition. It is not surprising that it may cost more to repair or remove improper work before a party may be placed in the same position as he or she would have been had there been no breach.

The Appellant is also mistaken when he argues that no warranty is applicable to this matter. The implied warranty provisions in Maine's Uniform Commercial Code also apply to services. The Maine Law Court has confirmed the existence of an implied "duty to perform skillfully, diligently, and in a workmanlike manner" in a contract for work or services. Cannan v. Bob Chambers Ford, 432 A.2d 387, 389 (Me. 1981). A contractor breaches the implied warranty of good workmanship if he or she fails to perform work in a "reasonably skillful and workmanlike manner." Wimmer v. Down East Properties, Inc., 406 A.2d 88, 92 (Me. 1979).

The Appellant next argues that the District Court erred by admitting and relying upon hearsay evidence that amounted to expert testimony. The Appellant argues, without any supporting authority, that expert hearsay testimony is not allowed without additional supporting evidence.

The Appellant's argument is contrary to Rule 6 of the Maine Rules of Small Claims Procedure that states the Rules of Evidence generally do not apply in small claims proceedings and that the court "may receive any oral or documentary evidence." The argument that hearsay evidence in small claims proceedings may not include expert testimony is unsupported by any authority and is contrary to the undersigned's own experience, which is that consumers in small claims proceedings routinely submit written estimates supporting the cost and need for repairs.

To the extent that the Appellant believes its due process rights were impacted by the relaxed process allow in small claims proceedings, its remedy was to demand a jury trial *de novo*, as is allowed by Maine law, which would have resulted in a process where the Rules of Evidence and the procedural protections of the Maine Rules of Civil Procedure would have applied. However, the Appellant chose not to take advantage of that available remedy.

For the reasons stated above, and after review of the trial court record and the briefs of the parties, the court finds that the District Court made no clear error of fact or errors of law.

---

[1] Evidence was presented that the Defendant sealcoated a number of driveways in the neighborhood at the same time as the Plaintiff's driveway was sealcoated. A reasonable inference could be made that the price charged was reduced as a result and that it would cost the Plaintiff more to have his driveway sealcoated on his own, not at the same time as his neighbors.

The decision of the District Court is therefore AFFIRMED.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: March 2, 2020

_____
JUSTICE, MAINE SUPERIOR COURT

3